**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JERRY FULLER, | : | CIVIL ACTION - LAW |
| 50 Allyn Road | : | NO. |
| Barton, NY 13734 | : | |
| on behalf of himself and those similarly situated, | : | COLLECTIVE ACTION UNDER |
| | : | FLSA FOR UNPAID WAGES |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CABINETWORKS MICHIGAN, LLC, | : | JURY TRIAL OF 12 DEMANDED |
| THE CABINETWORKS GROUP, | : | |
| CABINETWORKS GROUP, INC. | : | |
| 20000 Victor Parkway | : | |
| Livonia, MI 48152 | : | |
| | : | |
| Defendants. | : | *Electronically Filed* |

## COMPLAINT

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter under 28 U.S.C. §1331 because it

arises under the laws of the United States, specifically the Fair Labor Standards Act ("FLSA").

This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

2.      Venue is proper in this district because a substantial part of the events or

omissions giving rise to this claim occurred in this district.

## FACTUAL BACKGROUND

3.      Defendants are the largest privately held kitchen cabinet maker in the United

States, employing approximately 7,000 employees around the country.

1

4.      For many years, Defendants have misclassified their production supervisors as exempt and failed and refused to pay them overtime pay as required by the Fair Labor Standards Act, despite knowing that these production supervisors work far more than forty hours per week.

5.      Defendants also fail and refuse to pay their hourly production workers overtime for all hours worked in a workweek in excess of forty hours, particularly those who work during the lunch period.

6.      Plaintiff brings this action on behalf of himself and similarly situated individuals who have been denied timely payment of overtime wages in violation of the Fair Labor Standards Act ("FLSA").

7.      Plaintiff Jerry Fuller is a citizen of New York who resides at 50 Allyn Road, Barton, NY 13734.

8.      Defendant Cabinetworks Michigan, LLC is a limited liability company organized and existing under the laws of Delaware which has its principal place of business at 20000 Victor Parkway, Livonia, Michigan 48152, and which is a joint employer of Plaintiff and the Collective Members.

9.      Defendant Cabinetworks Group, Inc. is a corporation organized and existing under the laws of Delaware which has its principal place of business at 20000 Victor Parkway, Livonia, Michigan 48152, and which is a joint employer of Plaintiff and the Collective Members.

10.     Upon information and belief, Defendant Cabinetworks Group is a legal entity which is a joint employer of Plaintiff and the Collective Members.

11.     Defendants are registered to do business in the Commonwealth of Pennsylvania.

12.     Defendants are employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d), an enterprise within the meaning of 29 U.S.C. §203(r), and are engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

13.     Plaintiff brings this action on behalf of himself and other similarly-situated employees pursuant to 29 U.S.C. §216(b).  Plaintiff and other similarly-situated employees are individuals who are, or were, employed by Defendants as low-level production supervisors or as hourly production workers during the time period of three years prior to the filing of this action (the "Collective Members").  The putative class of Collective Members has been engaged in commerce as required by the FLSA.

14.     Named Plaintiff and the Collective Members are similarly situated, have substantially similar pay provisions, and were all subject to Defendants' unlawful policies and practices as described herein.

15.     There are numerous similarly situated current and former employees of Defendants who would benefit from the issuance of a Court-supervised Notice of this action and the opportunity to join it.

16.     Similarly situated employees are known to Defendants, are readily identifiable to Defendants, and can be located through Defendants' records.

17.     Plaintiff was employed by Defendants as a first-level production supervisor until he resigned on or about July 4, 2022.  Defendant misclassified Plaintiff and similarly situated first-level production supervisors as exempt and failed and refused to pay them time and one half for hours worked in excess of forty in a week.

18.     Plaintiff became employed by Defendant on or about September 6, 2022 as an hourly production worker.

3

19.     Plaintiff was at all times a non-exempt employee under the Fair Labor Standards Act.

20.     Plaintiff was entitled under the FLSA to compensation for hours worked in excess of forty hours in a workweek at a rate of one-and-a-half times the rate at which she was regularly employed.

21.     It was routine for Defendants to require their employees including Plaintiff and other similarly situated employees to work in excess of forty hours in a workweek.

22.     When Plaintiff was a production supervisor he wrote down the hours he worked each day and turned them in to his manager.

23.     Instead of paying Plaintiff and other production supervisors time and a half for their overtime, Defendant paid them straight time for hours worked over forty-five in a week, and nothing for hours worked between forty and forty-five.

24.     Plaintiff routinely worked far more than forty hours per week as a production supervisor.

25.     As an hourly production worker, Plaintiff routinely works through lunch, for a total of 8.5 hours per day, but Defendant does not pay him for that half hour per day.  Thus, Defendant has failed to pay Plaintiff time and a half for the two and one half hours of overtime he works each week.

26.     Defendant's managers know that Plaintiff is working 8.5 hours per day, five days per week, without being paid for all of his work.

27.     Defendants have failed to record, report, credit and/or compensate Plaintiff and the Collective Members, and Defendants have failed to make, keep and preserve records with

respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA.

**PLAINTIFF JERRY FULLER, on behalf of himself and**

**those similarly situated, v. ALL DEFENDANTS**

**Collective Action -- Violation of Fair Labor Standards Act**

**Payment of Overtime Requirements**

28.     Plaintiff, on behalf of himself and all similarly situated current and former employees of Defendants, realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

29.     At all times relevant, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

30.     At all times relevant to this Complaint, Plaintiff and the Collective Members were Defendants' "employees" as defined by the FLSA, §203(e)(1).

31.     At all times relevant, Defendants were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

32.     The FLSA requires that employers compensate all non-exempt employees for every hour worked in a workweek.  See 29 U.S.C. §206(a)-(b).

33.     The FLSA requires that employers compensate all non-exempt employees who work in excess of forty hours in a work week at a rate of not less than one- and one-half times the regular rate at which they are employed.  See 29 U.S.C. §207(a)(1).

34.     At all times relevant to this Complaint, Plaintiff and the Collective Members were not exempt from the minimum wage provisions of the FLSA.

35.     At all times relevant to this Complaint, Defendants had a policy and practice of knowingly permitting and requiring Plaintiff and the Collective Members to work overtime without compensation.

36.     Defendants failed to pay Plaintiff and the Collective Members for work in excess of forty hours per week at their overtime rate of one and one half times their regular rate.

37.     In violating the FLSA, Defendants acted willfully, without a good-faith basis and with reckless disregard of applicable federal law.

38.     Accordingly, Collective Members are entitled to wages for all hours worked pursuant to the FLSA in an amount equal to their regular pay, plus time-and-a-half for hours worked over forty in a week, plus liquidated damages, attorneys' fees and costs.

39.     Defendants' failure to pay for all hours worked results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual Collective Members.

40.     Thus, Plaintiff's experiences are typical of the experiences of the Collective Members.

41.     The specific job titles or precise job requirements of the various Collective Members does not prevent collective treatment.

42.     All of the Collective Members – regardless of their specific job titles, precise job requirements or rates of pay – are entitled to be properly compensated on a timely basis for all hours worked.

43.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  Indeed, the Collective Members are non-exempt hourly workers entitled to pay for all hours worked in a week.

44.     Absent a collective action, many members of the proposed collective likely will not obtain redress for their injuries and Defendants will retain the proceeds of its rampant violations.

45.     Moreover, individual litigation would be unduly burdensome to the judicial system.  Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

46.     Accordingly, the Collective of similarly situated plaintiffs should be certified as defined in Paragraph 13 and notice should be promptly sent.

47.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

48.     Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Members, is entitled to recover from Defendants her unpaid overtime compensation, an additional amount as liquidated damages, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff and the Collective Members respectfully pray for judgment against Defendants as follows:

a.     for an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the Collective Members as defined above and requiring Defendants to provide the names, addresses, email addresses, telephone numbers and social security numbers of all potential Collective Members;

b.     for an Order approving the form and content of a notice to be sent to all putative Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

        c.      for an Order awarding Plaintiff and Collective Members back wages that have been improperly withheld;

        d.      for an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those Collective Members who join in the suit), for liquidated damages and for attorneys' fees and costs; and

        e.      for an Order awarding attorneys' fees and costs.

Respectfully submitted,

Date:  9/24/2024

By:  */s/ Edward C. Sweeney*
Edward C. Sweeney, Esq. (PA ID: 64565)
Validation of signature code:  ECS1942
Wusinich, Sweeney & Ryan, LLC
102 Pickering Way, Suite 403
Exton, PA  19341
(610) 594-1600
esweeney@wspalaw.com
*Attorney for Plaintiff*

Of counsel:

By:  */s/ M. Frances Ryan*
M. Frances Ryan, Esq. (PA ID: 62060)
Validation of signature code:  MFR1130
Wusinich, Sweeney & Ryan, LLC
102 Pickering Way, Suite 403
Exton, PA  19341
(610) 594-1600
mfrancesryan@wusinichsweeney.com