IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEREMY FULLER,

Plaintiff,

v.

CABINETWORKS MICHIGAN, LLC,
THE CABINETWORKS GROUP, and
CABINETWORKS GROUP, INC.,

Defendants.

No. 4:24-CV-01618

(Chief Judge Brann)

## MEMORANDUM OPINION & ORDER

### OCTOBER 1, 2025

Before the Court is Defendants' motion *in limine* requesting a determination that Plaintiff bears the burden of proof at trial scheduled for October 3, 2025.[1] Defendants' motion is denied. Defendants carry the burden of proof.

The upcoming bench trial will determine whether an arbitration agreement was executed between Plaintiff Jeremy Fuller ("Fuller") and Defendants, Cabinetworks Michigan, LLC, The Cabinetworks Group, and Cabinetworks Group, Inc. (collectively "Cabinetworks"). Relevant facts of the case are recited in the Court's Memorandum Opinion regarding Defendants' motion for summary judgment.[2] For the instant motion, it will suffice to say that Plaintiff argues no valid arbitration agreement existed, and Defendants argue the opposite.[3]

---

[1]    Doc. 51 (Mot. *in limine*).
[2]    Doc. 35 (Memo.) at 5.
[3]    Specifically, parties dispute 1) whether Fuller electronically signed the dispute resolution agreement in 2022 and 2) whether Fuller received the dispute resolution agreement when signing other documents referencing. *See* Doc. 35 at 6-9.

In pretrial memoranda, parties disputed which side would carry the burden of proof at trial.[4] Defendants filed the instant motion *in limine*, arguing that Plaintiff has the burden to show invalidity of an arbitration agreement.[5] Plaintiff filed a brief in opposition, arguing that Defendants have the burden to show a valid arbitration agreement existed in the first instance.[6]

Courts apply a two-part test to determine if parties should proceed to arbitration.[7] First, courts determine whether a valid agreement to arbitrate exists; second, whether the dispute is within the scope of the agreement.[8] Parties here do not dispute that the issue at hand is within the scope of the arbitration provision, merely the existence of a valid arbitration agreement.[9]

Defendants argue that Plaintiff has the burden of proof to show "invalidity" of the agreement.[10] This requires the Court to draw a distinction between *initial validity* of an

---

[4]   Doc. 44 (Defendants' Pretrial Memo.) at 6 ("Notably, in this case, Plaintiff has the burden of proof.");
      Doc. 45 (Plaintiff's Pretrial Memo.) at 3 ("Defendants bear the burden of proving the existence of an
      agreement to arbitrate the claims in this action.").

[5]   Doc. 51 (Defendants' Mot. *in limine*). Arguing is perhaps too strong of a word to accurately describe
      Defendants' motion. Defendants provide no new support for their contention, instead repeating the
      same lines found in their pretrial memorandum already provided to and read by the Court. *Id.* at 2-3;
      Doc. 44 at 6, 7. Defendants' motion, days before trial, is not well taken.

[6]   Doc. 52 (Plaintiff's Brief in Response).

[7]   *See Pisano v. Extendicare Homes, Inc.*, 77 A.3d 651, 654-55 (Pa. Super. 2013).

[8]   *Id.*; *see also MacPherson v. Magee Mem'l Hosp. for Convalescence*, 128 A.3d 1209, 1219 (Pa. Super.
      2015) (*en banc*).

[9]   Doc. 24 (Brief in Support) at 16; Doc. 27 (Brief in Opposition) at 4.

[10]  Defendants rely *only* on *Juric v. Dick's Sporting Goods*, 2:20-CV-0651, 2020 WL 4450328 at *2 (W.D.
      Pa. Aug 3, 2020); Doc. 44 at 6; Doc. 51. Defendants have already been cautioned against relying too
      heavily on this case in the Court's summary judgment opinion. Doc. 35 (Memo.) at 26 n.113.

      *Juric*'s language has facial support for Defendants' argument, as the case analyzes contract formation
      and states that "[t]he party seeking to avoid arbitration bears the burden of proving invalidity of an
      arbitration agreement." However, even though *Juric* purports to be analyzing initial formation, the cases
      that *Juric* cites for its burden of proof determination refer to *invalidity* of an arbitration agreement rather
      than *initial validity*. *See Juric,* 2020 WL 4450328 at *2 (citing *Comrey v. Discover Fin. Servs., Inc.*,
      806 F.Supp. 2d 778, 783 (M.D. Pa. 2011) (where the plaintiff argued the agreement was unconscionable

agreement, which is whether a contract was properly formed, and *invalidity* of an agreement, which is whether the agreement should be deemed unenforceable on external grounds such as unconscionability.[11] Under Pennsylvania law, the party seeking to enforce an arbitration provision bears the burden of proving its existence and *initial validity*.[12] If a party seeks to challenge an arbitration agreement as *invalid* on external grounds, then it is their burden of proof to carry.[13]

There is a well-established public policy in Pennsylvania that favors arbitration,[14] and doubts about the *scope* of an arbitrable issue should be resolved in favor of arbitration.[15] However, the presumption does not arise until the contract is proven to be properly formed.[16]

---

and accordingly carried the burden); *Green Tree Fin. Corp v. Randolph*, 531 U.S. 79, 90, 92 (2000) (when undisputed that parties agreed to arbitrate claims but one party argued it would be prohibitively expensive to enforce, that party carried the burden of proof)). *Juric* alone, examined with the large Pennsylvania jurisprudence clarifying the rule as discussed *supra* note 12, cannot justify granting Defendants' motion.

[11] *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 n.1 (2006) ("The issue of the contract's validity is different from the issue of whether any agreement between the alleged obligor and oblige was ever concluded."); Compare *Blair v. Manor Care of Elizabethtown, PA*, 108 A.3d 94, 96 (Pa. Super. 2015) (noting that "the burden was on [the party seeking to compel arbitration] to demonstrate that a valid agreement to arbitrate existed between the parties") with *Von Sick v. ANC Builders, Inc.*, 298 A.3d 424, 431 (Pa. Super. 2023) ("The burden of proof generally concerning both elements [of unconscionability] has been allocated to the party challenging the agreement.").

[12] *See Keiser v. Berks County*, 253 Pa. 167, 169 (Pa. 1916) ("And he who asserts this agreement [of arbitration] has the burden upon him to establish by proof its existence."); *Blair v. Manor Care of Elizabethtown, PA*, 108 A.3d 94, 96 (Pa. Super. 2015); *Schuchmann v. Great American Power*, No. 3:23-CV-1604, 2024 WL 219267 at *3 (M.D. Pa. Jan. 19, 2024). These are only a few of the many cases applying this rule of contract formation.

[13] *Von Sick v. ANC Builders, Inc.*, 298 A.3d 424, 431 (Pa. Super. 2023); *Salley v. Option One Morg. Corp.*, 592 Pa. 323, 347 (Pa. 2007); *Comrey*, 806 F.Supp. 2d at 783; *Green Tree Fin. Corp*, 531 U.S. at 90, 92.

[14] *MacPherson v. Magee Memorial Hosp. for Convalescence*, 128 A.3d 1209, 1219 (Pa. Super. 2015).

[15] *First Liberty Inv. Group v. Nicholsberg*, 145 F.3d 647, 653 (3d Cir. 1998); *Century Indem. V. Certain Underwriters at Lloyds London*, 584 F.3d 513, 524 (3d Cir. 2009).

[16] *See Granite Rock Co. v. Int'l Broth. Of Teamsters*, 561 U.S. 287, 300 (2010) (holding that arbitration should be ordered "only after the Court was persuaded that the parties' arbitration agreement was validly formed and that it covered the dispute in question and was legally enforceable."); *Jean v.*

Here, parties have characterized and argued the issue as one of formation; whether Fuller did or did not assent to be bound.[17] Therefore, the burden is on Defendants, as the party seeking to enforce an arbitration agreement, to show its validity. Defendants' motion is DENIED.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

_Bucknell Univ._, 2021 WL 1521724 at *3 (M.D. Pa. Apr. 16, 2021) ("This presumption [in favor of arbitration] does not apply when determining whether an arbitration agreement is valid.").

[17]  Doc. 44 (Defendants' Pretrial Memo.) at 5-6; Doc. 45 (Plaintiff's Pretrial Memo.) at 4; Doc. 24 (Brief in Support of Summary Judgment) at 8-9 (arguing the arbitration agreement was validly formed); Doc. 26 (Brief in Opposition of Summary Judgment) at 8 (arguing there is no valid agreement to arbitrate).