IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEREMY FULLER,

    Plaintiff,

v.

CABINETWORKS MICHIGAN, LLC,
THE CABINETWORKS GROUP, and
CABINETWORKS GROUP, INC.,

    Defendants.

No. 4:24-CV-01618

(Chief Judge Brann)

## MEMORANDUM OPINION & ORDER

### OCTOBER 1, 2025

Defendants filed a motion to allow deposition testimony of Jennifer Rinker in lieu of live testimony for the bench trial scheduled for October 3, 2025. Defendants seek admittance under Federal Rules of Evidence 804(a)(5)(A) and 804(b)(1). Defendants briefly raised this possibility at the pretrial conference, and Plaintiff indicated their intent to object.[1]

Rule 804(b)(1) allows for an unavailable declarant's former testimony to be admitted as an exception to hearsay.[2] Ms. Rinker's deposition falls under this

---

[1] No response has yet been filed by Plaintiff, but considering trial is days away, the Court will rely on Plaintiff's objection in the pretrial conference as opposition. Doc. 50 (Mot.) ¶11 (noting Plaintiff's objection).

[2] FED. R. EVID. 804(b)(1).

exception, as it was a lawful deposition and Plaintiff had an opportunity to cross examine Ms. Rinker on the very issues at hand in this trial.[3]

Rule 804(a)(5)(A) allows for a witness to be deemed unavailable when attendance cannot be procured by process or "other reasonable means."[4] Whether parties have employed "reasonable" means is a fact intensive inquiry generally left to the Court's discretion.[5] The burden of proving the unavailability of the declarant falls on the proponent of the statement,[6] but the Court may rely on representations of counsel in making a determination.[7]

The proponent of the hearsay evidence must show a good faith attempt to locate and subpoena the witness.[8] The "touchstones" of the reasonableness inquiry under 804(a)(5) are variation and repetition, that is to say, using a variety of methods repeatedly to try and procure the witness's testimony.[9] The depth of search required should correlate with the importance of the witness's testimony; a

---

[3] Fed. R. Evid. 804(b)(1)(A) & (B) (setting out the requirements to meet the former testimony exception); Doc. 50 (Mot.) at ¶ 14; Doc. 27-6 (Rinker Deposition) (both Ms. Ryan and Ms. Mrdjenovich attended the deposition, which entailed whether Rinker was the one who conducted Fuller's orientation and whether she passed out the dispute resolution policy.).
[4] FED. R. EVID. 804(a)(5)(A).
[5] *See Rodriguez v. Hayman*, No. 08-4239, 2013 WL 1222644 at *7 (D.N.J. Mar. 25, 2013) (citing 2 McCormick on EVID. § 253 n.35 (7th ed.)).
[6] *See Kirk v. Raymark Indus., Inc.*, 51 F.3d 147, 165 (3d Cir. 1995).
[7] *See United States v. Sindona*, 636 F.2d 792, 804 (2d Cir. 1980).
[8] *See Carpenter v. Dizio*, 506 F.Supp. 1117, 1123 (E.D. Pa. 1981) (citing *Barber v. Page*, 390 U.S. 719, 724-25 (1968).
[9] *See Rodriguez*, 2013 WL 1222644 at *9 ("[W]hile the circumstances will vary with each case, a party seeking to show that a declarant is unavailable under Rule 804(a)(5) should generally demonstrate two things: 1) that it fashioned a multifaceted approach to locate the declarant; and 2) that it implemented each of these investigative methods more than once."); *Burke v. Powell*, No. 20-1013, 2023 WL 3561345 at *4 (D.N.J. May 18, 2023).

more important witness requires the proponent to show a more diligent search.[10] While few bright line rules exist, courts have found searches sufficient when the proponent uses methods other than mere calling and emailing, such as visiting the witness's residence, reaching out to the witness's associates or family members, or using employment and driving databases to find points of contact.[11] "The idea is that the proponent of the hearsay should demonstrate that they tried to obtain the witness' live testimony in the same manner they would have, had the hearsay not been available."[12]

Here, Defendants can do more to procure Ms. Rinker's testimony. Defendants state that they have "repeatedly tried to reach Ms. Rinker, both by email and by phone," and that they served her a subpoena to no response.[13] This is not enough to support a finding of unavailability, especially without more description of the specific attempts made to contact Ms. Rinker.[14] Additionally, Ms. Rinker's testimony is pivotal to the issue of whether Fuller received the

---

[10] *Carpenter*, 506 F.Supp. at 1123.
[11] *See Rodriguez*, 2013 WL 1222644 at *7-9 (analyzing exemplar cases declaring searches as sufficient or insufficient); compare *Carpenter v. Dizio*, 506 F. Supp. 1117, 1123 (E.D. Pa. 1981) (finding that proponent used reasonable means where his attorney sent numerous letters, certified and uncertified, to declarant's last known address, placed numerous phone calls to that address, personally visited that address, questioned a neighbor as to his whereabouts, and checked declarant's former place of business.) with *Elnashar v. Speedway SuperAmerica, LLC*, No. 02-4133, 2005 WL 2333832 at *16 (D. Minn. Sept. 22, 2005) (one subpoena, returned undelivered, was not enough to deem the witness unavailable.).
[12] 30B Charles Alan Wright & Jeffrey Bellin, *Federal Practice & Procedure* § 6968, at 507 (2017).
[13] Doc. 50 (Mot.) ¶¶ 6, 8, 9.
[14] For example, the Court would like to know how Defendants verified that they had the correct contact information, when they began contacting her, and how many times they tried.

3

arbitration agreement during his 2021 orientation, one of the key factual disputes.[15] Ms. Rinker was the one in charge of providing and explaining the packet of forms to employees and, as she conducted the June 9, 2021 training, Ms. Rinker is best positioned to explain what happened at Fuller's orientation specifically.[16] Had her deposition not been available, the Court suspects that Defendants would not have been satisfied with their current methods of procurement.

However, there is still time before trial. The Court will defer ruling on this motion until the morning of trial. By that time, the Court suggests that Defendants bring either 1) Ms. Rinker or 2) specific methods that they have employed to procure her testimony.[17]

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[15] Doc. 24 (Brief in Support) at 12; Doc. 25 (SUMF) at ¶¶11, 13-24 (making many claims about the orientation procedure supported by Ms. Rinker's testimony); (Doc. 29 (RSUMF) at ¶¶11, 13-24 (denying many of the allegations supported by Ms. Rinker's testimony).

[16] *Id.*

[17] Defendants are additionally reminded of the importance of providing the Court with legal research to support their motions. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (internal quotation omitted).